UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT STEPHEN FAZIO,

    Plaintiff,

v.                                               Case No.:  8:23-cv-1471-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Robert Stephen Fazio seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

On August 28, 2020, Plaintiff applied for a period of disability and disability insurance benefits and for supplemental security income, alleging disability beginning on May 31, 2020. (Tr. 102, 103, 277-90). The applications were denied initially and on reconsideration. (Tr. 102, 103, 158, 159). Plaintiff requested a hearing and on May 4, 2021, a hearing was held before Administrative Law Judge Kurt G. Ehrman ("ALJ"). (Tr. 31-59). On May 21, 2021, the ALJ entered a decision finding Plaintiff not under a disability from May 31, 2020, through the date of the decision. (Tr. 15-25).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on July 13, 2021. (Tr. 1-5). Plaintiff appealed the case to the District Court and on August 19, 2022, the Court reversed and remanded the action for further proceedings. (Tr. 2376-86). On August 31, 2022, the Appeals Council vacated the prior decision and remanded the case to an Administrative Law Judge. (Tr. 2302-2304).

On remand, the ALJ held another hearing on February 22, 2023. (Tr. 2307-48). On March 7, 2023, the ALJ entered a decision, finding Plaintiff had not been under a disability from May 31, 2020, through the date of the decision. (Tr. 2279-94). Plaintiff began this action by Complaint (Doc. 1) filed on June, 30, 2023, and

the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 8).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2025. (Tr. 2282). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 31, 2020, the alleged onset date. (Tr. 2282). At step two, the ALJ found that Plaintiff had the following severe impairments: "thoracolumbar spine degenerative disc disease, right shoulder osteoarthritis, right knee meniscal tear, depression, obsessive compulsive disorder (OCD), attention deficit hyperactivity disorder (ADHD), posttraumatic stress disorder (PTSD), alcohol use disorder, and cannabis use disorder." (Tr. 2282). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 2282).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for about 6 hours, and sit for

>  about 6 hours in an 8-hour workday with normal and customary breaks. The claimant cannot climb ropes and scaffolds, can occasionally climb ladders, ramps, and stairs, can frequently balance, and can occasionally stoop, kneel, crouch, and crawl. The claimant can frequently reach overhead with his right upper dominant extremity. The claimant should avoid concentrated exposure to industrial hazards (defined as the use of hazardous industrial machinery and unprotected heights). The claimant can understand, remember, and carry out simple routine tasks and instructions and he can occasionally interact with others, but he cannot perform fast-paced production or quota work.

(Tr. 2284-85).

At step four, the ALJ determined that Plaintiff is unable to perform his past relevant work as a hospital cleaner, paramedic, mail carrier, data entry clerk, and dishwasher/kitchen helper. (Tr. 2292-93). At step five, the ALJ found that considering Plaintiff's age (37 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 2293). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1) Cleaner, DOT 323.687-014,[1] light, unskilled

(2) Price marker, DOT 209.587-034, light, unskilled

(3) Routing clerk, DOT 222.687-022, light, unskilled

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

(Tr. 2293-94). The ALJ concluded that Plaintiff had not been under a disability from May 31, 2020, through the date of the decision. (Tr. 2294).

## II.     Analysis

On appeal, Plaintiff raises the issue of whether the ALJ erred in finding Plaintiff did not satisfy the Paragraph C criteria to meet or equal Listing 12.15 at step three. (Doc. 12, p. 3). The Commissioner contends that the ALJ properly considered Plaintiff's medical evidence and subjective statements along with other evidence of record to find Plaintiff did not satisfy criterion two of subsection C to meet or equal Listing 12.15 at step three. (Doc. 18, p. 6).

At step three, the burden lies with Plaintiff to show that he has an impairment that meets or medically equals a listed impairment. *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 741 (11th Cir. 2008). For an impairment to meet a listing, a plaintiff must show that it meets *all* the specified medical criteria. *Bailey v. Soc. Sec. Admin., Comm'r*, 782 F. App'x 838, 840 (11th Cir. 2019) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). If an impairment meets only some criteria, then it will not qualify, no matter the severity of the impairment. *Id.* To meet a listing, a plaintiff must have a diagnosis included in a listing and provide medical reports documenting that the conditions meet the specific criteria of a listing and the duration requirement. *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002)). If a plaintiff satisfies all of the criteria of a listing, then he is considered disabled.

*McCormick v. Soc. Sec. Admin., Comm'r*, 619 F. App'x 855, 857 (11th Cir. 2015) (citing 20 C.F.R. § 416.920a)(4)(iii), (d).

To meet Listing 12.15 for trauma and stressor-related disorders, such as PTSD, a claimant must satisfy the requirements of both paragraphs A and B, or the requirements of both A and C. 20 C.F.R. Pt. 404 Subpt. P, App. 1 § 12.00A2. In this case, the ALJ did not discuss the paragraph A requirements and as such arguably he found Plaintiff met these requirements. Instead, the ALJ found Plaintiff did not meet the paragraph B and C criteria. (Tr.2283-84). The paragraph C criteria are the only criteria at issue.

> To meet the paragraph C criteria, a claimant must show:
>
> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>
>   1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
>
>   2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

20 C.F.R. Pt. 404 Subpt. P, App. 1 § 12.15C.

In the prior appeal to the District Court, the Court found that the ALJ had not properly considered the paragraph C criteria. (Tr. 2383). The Court found that the

consideration of this criteria was limited to two sentences that basically concluded Plaintiff's mental impairments did not meet the paragraph C criteria without explanation or reasoning. (Tr. 2383-84). The Court found that the ALJ failed to materially discuss the paragraph C requirements of Listing 12.15 and therefore remanded the action for further proceedings. (Tr. 2385-86). Plaintiff again argues that the ALJ erred in his consideration of the paragraph C criteria.

In the present decision, the ALJ considered the four broad areas, finding Plaintiff had mild limitations in understanding, remembering, or applying information. (Tr. 2283). He also found Plaintiff had moderate limitations in: interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing himself. (Tr. 2283-84). The ALJ concluded that because Plaintiff did not have an extreme limitation or two marked limitations in these broad areas, Plaintiff did not meet the paragraph B criteria. (Tr. 2284).

As to the paragraph C criteria, the ALJ found:

> The undersigned has also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria. To fulfill the "paragraph C" criteria, the claimant must demonstrate a medically documented history of a mental disorder that has lasted for at least two years. He must further show that he relies on medical treatment, mental health therapy, psychosocial support, or a highly structured setting to diminish the symptoms of that mental impairment, and that despite these diminished symptoms and signs, he has achieved only marginal adjustment. First, it is clear in this case that the claimant's mental impairments have persisted for more than two years. Further, the claimant has received outpatient

>  medication management with a few therapy sessions, but he has been inconsistent with treatment. However, the evidence fails to show that the claimant has achieved only marginal adjustment (i.e. he has only a minimal ability to adapt to changes in his environment and daily life). On the contrary, it is clear from the record that the claimant is able to secure housing (and has moved around), transport himself, prepare his own meals, go shopping, and interact appropriately with others (Exhibit 6F, Exhibit 12F, Hearing Testimony, Exhibit 5E and Exhibit 23E). In view of the above, the undersigned finds that the "paragraph C" criteria are not met in this case.

(Tr. 2284).

The ALJ recognized that Plaintiff's mental impairments met the "serious and persistent" requirement of paragraph C by lasting over a period of at least two years. (Tr. 2284). However, the ALJ found that Plaintiff failed to show he met the criteria of only marginal adjustment because he can secure housing, transport himself, prepare his own meals, go shopping, and interact appropriately with others. (Tr. 2284),

Under the regulations, "marginal adjustment means:

> that your adaptation to the requirements of daily life is fragile; that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life. We will consider that you have achieved only marginal adjustment when the evidence shows that changes or increased demands have led to exacerbation of your symptoms and signs and to deterioration in your functioning; for example, you have become unable to function outside of your home or a more restrictive setting, without substantial psychosocial supports (see 12.00D). Such deterioration may have necessitated a significant change in medication or other treatment. Similarly, because of the nature of your mental disorder, evidence may document episodes of deterioration

> that have required you to be hospitalized or absent from work, making it difficult for you to sustain work activity over time.

20 C.F.R. Pt. 404 Subpt. P, App. 1 § 12.00G2c.

Plaintiff argues that the ALJ's explanation for finding Plaintiff did not meet the paragraph C criteria provided an inaccurate explanation of the record and failed to provide a detailed explanation of the cited exhibits. (Doc. 12, p. 5). Plaintiff also argues that the exhibits cited by the ALJ contain significant evidence in support of Plaintiff's mental limitations meeting the paragraph C criteria. (Doc. 12, p. 5).

Plaintiff contends that the ALJ's first reason to find Plaintiff had not met the marginal adjustment criteria – that Plaintiff was able to secure housing and had moved around – was unsupported by the record. (Doc. 12, p. 5; Tr. 2284). Plaintiff contends that he could secure housing at times, but he also lost his housing, stayed temporarily with family or friends, was homeless at times, lived in his car at times, and most recently had a room in a shared apartment. (Doc. 12, p. 5-6). The records showed that on October 7, 2020, he lost his housing and stayed with his mother until he got into a fight with a neighbor and had to move in with his sister. (Tr. 2827). By October 27, 2020, Plaintiff was residing between his sister's home and being homeless. (Tr. 2675). On June 29, 2022, Plaintiff reported he was dealing with his housing situation and went back to staying at a house with a friend of the family after being on the streets briefly. (Tr. 3433). On September 20, 2022, Plaintiff reported that he had unstable housing, stayed in his car, and declined a referral for

housing assistance. (Tr. 3397). At the hearing, Plaintiff testified that he shared a home that had a separate entrance for him and his own room. (Tr. 2322-23).

While the ALJ found it is "clear" that Plaintiff could secure housing, it is just as apparent that if he could secure housing and easily adapt to a living situation, he would not need to move to new accommodations repeatedly, be homeless, or live in his car. His family and friends had housed him temporarily, but he had not adapted to being able to live with them permanently. From the record, Plaintiff's housing situation and his capability to sustain housing was fragile and he did not adapt so that he could obtain a permanent living situation.

The ALJ also found Plaintiff achieved more than marginal adjustments by being able to transport himself, prepare his own meals, and go shopping. (Tr. 2284). Plaintiff explained at the hearing that he ordered groceries to be delivered, he got gas maybe every couple of months, and went to Walmart at night every couple of months. (Tr. 2323-24). As far as meals, he used a microwave because he had problems cooking on a stove, such as leaving the burner or oven on and just walking away. (Tr. 2325-26).

The ALJ's decision included the minimal tasks of transporting himself, preparing his own meals, and going shopping to show Plaintiff had the ability to adapt to changes in his environment, which would translate to being able to adjust to a work environment. Being able to microwave a meal, order groceries, and drive

are not inconsistent with having a minimal capacity to adapt to changes in an environment or to demands that are not part of daily living. *See Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) ("Nor do we believe that participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability."). Plus, the ALJ cites over 600 pages of the record, with no pinpoint citations, to support his findings. (Tr. 2284). The Court recognizes that it cannot decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). In this case, after a review of the entire record, the Court finds substantial evidence does not support the ALJ's paragraph C findings.

## III.   Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the paragraph C requirements of Listing 12.15. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 10, 2024.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties